AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

JACK MALAE aka TITO MALAE, Defendant

High Court of American Samoa
Trial Division

CR No. 89-88

March 13, 1989

Before KRUSE, Chief Justice, and TAUANU`U, Chief Associate Judge.

Counsel: For Plaintiff, Jerry Williams, Assistant Attorney General
For Defendant, William Reardon

Defendant is charged with Felony Driving in violation of A.S.C.A. § 22.0223 --- that is, operating a vehicle while his driver's license was suspended consequent to a prior conviction for driving while under the influence of drugs or alcohol. Felony Driving is a Class D felony, punishable by imprisonment for a period not less than 90 days and not to exceed 5 years.

In terms of proofs, the government first offered into evidence a copy of the District Court's judgment and sentence entered July 25, 1988 in Traffic No. 37617, which found the defendant therein, "Tito Malae," guilty of Driving Under the Influence. Among other things, the District Court sentenced the defendant to suspension of his driver's license for a period of "6 months until January 22, 1989."

The government also submitted into evidence, over defendant's objection, a copy of the Uniform Traffic Complaint and Summons No. 36723 (hereinafter the "citation"). The citation was issued to a "Jack Malae" on October 26, 1988 and accuses the driver of operating a vehicle on the highway in the vicinity of Futiga at the rate of speed of 42 mph in a 25 mph posted zone. The citation also reveals that the accused was required to attend court on November 14, 1988. The District Court's record on the reverse side of the citation shows that the matter was continued to November 17, 1988. On November 17, 1988 it appears that the government also secured a warrant of arrest upon complaint and information filed against a "Jack Malae" charging Felony Driving. This matter was docketed District Court CR. No. 177-88. The minutes below on the felony matter reveal that the defendant therein was taken before the court that same day, November 17, 1988, and was informed of the charge against him as well as of his rights. The minutes go on to say that the defendant notified the court that his lawyer was counsel William Reardon and that he entered a plea of not guilty to the speeding citation which was then

100

apparently set for trial on November 22, 1988. The court also set for that same date the preliminary examination of the criminal matter. On November 22, 1988 the court's minutes in the criminal matter reflect the presence of both the defendant and his counsel, Mr. Reardon; the defendant's apparent waiver of his right to a preliminary examination; and an order by the Court holding defendant over to answer the Felony Driving charge before the High Court. Arraignment was scheduled before the High Court on November 28, 1988 while the speeding matter was continued over to December 23, 1988. On this latter date a different judge heard the traffic calendar and the defendant appeared without counsel and entered a change of plea to guilty. The plea was accepted and the defendant was sentenced to a fine.

As above noted, the defense objected to the admission of the record of the speeding citation. The basis of the objection was to the effect that defendant was not represented by counsel below when he tendered his amended plea of guilt. The argument was that this traffic record should not be admitted because somehow defendant's right to counsel was affected. We overruled the objection.[1]

---

[1] The argument is puzzling. As we gathered on our review of the available records below, defendant appeared before the District Court on November 17, 1988 on both the criminal matter and speeding citation and indicated to the court that his attorney was counsel Reardon. On the speeding matter, a plea of not guilty was entered. The defendant again appeared in court on November 22, 1988 but this time with his counsel. This was the day that was set for the preliminary examination on the felony matter and for trial on the speeding matter. Here defendant waived his right to preliminary examination while trial of the traffic matter was put over to December 23, 1988. Why defendant therefore appeared without counsel on December 23, 1988 and there tendered a plea of guilt to the speeding citation, is not revealed on the record. Nonetheless, in these circumstances, the fact of being without the assistance of counsel at the traffic matter would seem to be a problem, if indeed there was one, attributable to defendant and his counsel.

Having submitted the District Court's judgment and sentence on the above discussed traffic matters, the government rested without calling any witnesses. Whereupon the defense also rested.

On the evidence before the Court, we are able to conclude beyond any doubt that the defendant before the District Court on the 17th and 22nd of November 1988 because of the criminal charge and the traffic speeding matter under the name "Jack Malae" was one and the same person. The question which next arises is whether we can conclude beyond a reasonable doubt that this Jack Malae is the one and same person as that "Tito Malae," found guilty and sentenced in the prior traffic matter involving license suspension.

The economy of proofs which counsel for the government opted to go forward with requires our further consideration of the traffic court's record below. We hold that we may so take notice of the lower court's record given the fact that one of the elements of the crime before our consideration is the prior conviction of the defendant for the traffic offense of Driving Under the Influence. In reviewing the Uniform Traffic Complaint and Summons No. 37617 (Driving Under The Influence) and the lower court's record thereon, we find that Tito Malae of the village of Tafuna, born on July 28, 1966 and formerly issued territorial driver's license number 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 was convicted thereunder as charged and sentenced inter alia to the suspension of his driver's license for a six month period. Such period of suspension was to terminate on January 22, 1989. We find that the said Tito Malae is one and the same person who was issued the subsequent Uniform Traffic Complaint and Summons No. 36723 and was convicted for speeding. We so

---

Furthermore, a speeding violation is an "infraction" under the Traffic Code. A.S.C.A. §§ 22.0323, 22.0360. In the normal course, the traffic judge would not be concerned with questions regarding the right to counsel in traffic proceedings involving a speeding charge as the right to counsel does not attach when a defendant is not sentenced to actually serve time in jail. Argersinger v. Hamlin, 407 U.S. 25 (1972). Here the defendant was only fined.

102

conclude for the following reasons. The lower court's record also reveals that defendant was issued in addition to the speeding citation, Uniform Traffic Complaint and Summons No. 36724 for operating a motor vehicle without the possession of a driver's license. We are convinced that the same person acknowledged by signature the three citations. The same distinctive handwritten scrawl of the name "Malae" is consistent in all these citations. In the subsequent matters, the defendant in the Driving Under the Influence case would not have had his driver's license in his possession as the same was suspended. In these circumstances the citing officer necessarily relied on the defendant for identification information. Defendant had reason and opportunity to misinform the officer about his identity and we find that while the defendant did not give the officer his correct first name, he did not have the same presence of mind when it came to his birth date and village. He admitted to the officer his correct birth date of July 28, 1966 and residence in the village of Tafuna.

On the foregoing, we find the defendant before the Court, Tito Malae, also having held himself out as Jack Malae, guilty of the offense of Felony Driving in violation of A.S.C.A. § 22.0223 as charged.

It is so Ordered.